**SHAKOURI LAW FIRM**
Ashkan Shakouri, Esq. [SBN 242072]
ash@shakourilawfirm.com
Sharon W. Lin, Esq. [SBN 260443]
sharon@shakourilawfirm.com
11601 Wilshire Blvd., Fifth Floor
Los Angeles, California 90025
Telephone: (310) 575-1827
Fax: (310) 575-1872

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY SMITH and DONNA CHANG, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED CLINICAL EMPLOYMENT STAFFING, LLC, and DOES 1-20, inclusive<br><br>Defendants. | Case No: 5:21-cv-07325-EJD<br><br>**FIRST-AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1) **FAILURE TO PAY FOR ALL HOURS WORKED**<br>2) **FAILURE TO PAY MINIMUM WAGE**<br>3) **FAILURE TO PAY OVERTIME**<br>4) **FAILURE TO AUTHORIZE AND/OR PERMIT MEAL BREAKS**<br>5) **FAILURE TO AUTHORIZE AND/OR PERMIT REST BREAKS**<br>6) **FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES**<br>7) **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**<br>8) **WAITING TIME PENALTIES**<br>9) **UNFAIR BUSINESS PRACTICES**<br><br>[AMOUNT DEMANDED EXCEEDS $25,000.00] |

Plaintiffs Ashley Smith ("Plaintiff Smith") and Donna Chang ("Plaintiff Chang") (collectively, "Plaintiffs"), individually, on behalf of themselves and all others similarly situated, as defined below, hereby allege the following facts and claims against Defendant Advanced Clinical Employment Staffing, LLC ("Defendant ACES"), an Alabama limited liability company, Defendant Regina Allcorn ("Defendant Allcorn"), an individual, and Defendant Mary Pat Flanagan ("Defendant Flanagan"), an individual,  and respectfully requests a trial by jury of all issues and causes of action so triable. Unless otherwise specified, Defendants ACES, Allcorn and Flanagan, and Does 1-20 will collectively be referred to as "Defendants."

**INTRODUCTION**

1. This class action complaint challenges Defendants' past and ongoing unlawful employment practices and policies on behalf of Plaintiffs and other similarly situated former and current employees of Defendants, whose rights Defendants violated and continue to violate under California law.

2. Specifically, as to Plaintiffs and others similarly situated, Defendants have:

a. Failed and continue to fail to pay the promised regular rates of pay for all hours worked in violation of Labor Code §§ 200, 223, 226, 500, 1197 and 1198 and the applicable Industrial Welfare Commission Wage Orders ("Applicable Wage Orders");

b. Failed and continue to fail to pay minimum wage for all hours worked in violation of Labor Code §§ 1194 & 1197 and the Applicable Wage Orders;

c. Failed and continue to fail to pay overtime wages for all overtime hours worked in violation of Labor Code §§ 510 and 1194 and the Applicable Wage Orders;

d. Failed and continue to fail to authorize and/or permit meal breaks in violation of Labor Code §§ 226.7 and 512 and the Applicable Wage Orders;

e. Failed and continue to fail to authorize and/or permit all rest breaks in violation of Labor Code § 226.7 and the Applicable Wage Orders;

f. Failed and continue to fail to timely furnish complete and accurate itemized wage statements in violation of Labor Code § 226 and the Applicable Wage Orders;

  g. Willfully failed to pay, without abatement or reduction, all final wages owed in accordance with Labor Code §§ 201 and 202 and in violation of Labor Code § 203; and

  h. Committed, and continue to commit, unfair business practices in violation of Business & Professions Code § 17200, et seq.

  3. The acts complained of herein occurred and will occur, at least in part, within the time-period of four (4) years preceding the filing of the original Complaint up to and through the time of trial.

## JURISDICTION AND VENUE

  4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

  5. This Court also has supplemental jurisdiction over Plaintiffs' California law claims pursuant to 28 U.S.C. § 1367.

  6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants do business within this District and a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

  7. At all relevant times mentioned herein, Plaintiff Smith was a licensed nurse and a resident of the State of Indiana. At all relevant times mentioned herein, Plaintiff Chang was a licensed nurse and a resident of the State of Ohio.

  8. Upon information and belief, Defendant ACES is an employment staffing agency and is, and at all times herein mentioned was, an Alabama limited liability company duly authorized to do business in California and other States. In particular, Defendant ACES employs, compensates and assigns healthcare professionals to work at various kinds of healthcare facilities throughout California and other States.

  9. Upon information and belief, Defendants Allcorn and Flanagan (collectively, "Individual Defendants") are, and at all relevant times mentioned herein were, one of the managing agents of Defendant ACES, and responsible for its operational, financial, personnel and/or administrative functions. Individual Defendants are personally liable for the claims

alleged in this Complaint pursuant to Labor Code § 558.1, which provides that persons acting on behalf of an employer, including owners, officers, directors, and managing agents who violate or cause to be violated certain provisions of the Labor Code, are personally liable for such violations.

10. Upon information and belief, Individual Defendants were, in part, responsible for the creation, implementation, and/or granting final approval of the unlawful wage and hour policies and/or practices alleged herein. As one of the managing agents of Defendant ACES, Individual Defendants also had substantial discretionary authority over the decisions that ultimately determined the unlawful wage and hour policies and/or practices alleged herein. Thus, Individual Defendants exercised ultimate control over such unlawful conduct either: (1) by knowingly authorizing them, or (2) with the knowledge that they were unlawful doing nothing to stop them, and thus ratifying them.

11. Upon information and belief, there is such a unity of interest and ownership between Defendant ACES, Individual Defendants and Does 1-20 that the separate personalities between them do not exist; and that, if the acts complained of herein are treated as those of Defendant Elite alone, inequitable results will follow.

12. The true names or capacities, whether individual, associate or otherwise, of Does 1-20, inclusive, are unknown to Plaintiffs and, therefore, Plaintiffs sue these Doe Defendants by such fictitious names. Plaintiffs will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained. Upon information and belief, each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiffs' injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Defendants.

13. Upon information and belief, Plaintiffs allege that at all relevant times each Defendant was the principal, agent, employer, employee, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

some or all of the other Defendants so as to be liable for the conduct of each of them.

14. Upon information and belief, Plaintiffs allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and that each Defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

## GENERAL ALLEGATIONS

15. Defendants hired, paid and assigned Plaintiff Smith to work at O'Connor Hospital in Santa Clara County, California as a non-exempt, hourly-paid travel nurse for an approximately thirteen-week contract assignment starting on or about December 16, 2019 and ending on or about March 14, 2020. Defendants terminated Plaintiff on or about December 24, 2020 after she got sick. Plaintiff Smith was assigned to work 12-hour shifts.

16. Defendants hired, paid and assigned Plaintiff Chang to work at O'Connor Hospital in Santa Clara County, California as a non-exempt, hourly-paid travel nurse for an approximately four-week contract assignment starting on or about March 4, 2019 and ending on or about March 30, 2019. However, on or about March 12, 2019, Defendants converted Plaintiff Chang's position to a non-exempt, hourly-paid strike nurse because the hospital she was working at became engaged in a trade dispute. Defendants terminated Plaintiff Chang on or about March 13, 2019. Plaintiff Chang was assigned to work 12-hour shifts.

**I.   Defendants' Failure to Take Supposed "Travel Stipends" into Account in Determining Overtime Rates**

17. Under Labor Code § 200, "wages" consist of "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." In California, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, including hourly earnings, salary, piece work earnings, commissions, certain bonuses, and the value of meals and lodging.

18.     During the applicable recovery period, Defendants have had a policy and/or practice of adjusting the so-called "travel stipends" they promise to their employees, including housing, meals and/or incidentals payments, based on number of hours or shifts they work in a given workweek. For instance, pursuant to Plaintiff Smith's employment agreement with Defendants called "Healthcare Travel Service Agreement," Defendants promised to pay Plaintiff Smith $2,135.00 per week for "housing stipends." The same Service Agreement also provided, "The weekly housing per diem will be paid as a percentage per day based on the number of days worked during the prior week." Therefore, when Defendants' employees do not work the minimum number of hours or shifts per week that it requires of them, Defendants deduct their promised "travel stipends" based on the number of hours or shifts they missed that workweek. Thus, Defendants' promised "travel stipends" are not intended to actually or reasonably reimburse their employees for the employees' housing, meal or incidental expenses, but in fact are a form of disguised wages.

19.     Despite the fact that the amount of the promised "travel stipends" are based upon, and vary with, the number of weekly hours or shifts worked by their employees, during the applicable recovery period Defendants have had a policy and/or practice of not including the value of those "travel stipends," including lodging, meals and/or incidentals, whether paid in cash or in kind, in their employees' regular rates of pay for the purposes of calculating their overtime or double-time pay.

**II.     Defendants' Failure to Pay for All Hours Worked**

20.     During the applicable recovery period, Defendants have had a policy and/or practice of requiring those employees, including Plaintiff Chang, who work for their clients engaged in a trade dispute to take company-shuttles to commute from their place of accommodation to their jobsites and back.

21.     Under California law, employers must pay for "compulsory travel time"–time employees spend traveling on and waiting for transportation required by an employer because, among other things, the employees are under the employer's control during that travel.

**III.   Defendants' Failure to Authorize and/or Permit Lawful Meal or Rest Breaks**

22. During the applicable recovery period, Defendants have, from time to time, not authorized or permitted their employees, including Plaintiffs, to take lawful meal or rest breaks under California law, due to, among other reasons, work overload and understaffing at their jobsites.

**IV.   Defendants' Failure to Reimburse for Business-Related Expenses**

23. During the applicable recovery period, Defendants have had a policy and/or practice of not reimbursing their employees, including Plaintiffs, for certain business-related expenses. For instance, Defendants did not pay Plaintiff Smith for cost of her incurred meals and incidentals while she was traveling away from home from her assignment. Defendants also failed to pay either Plaintiff for the cost of the use of their personal mobile phones for work purposes.

24. Upon information and belief, Defendants have similarly violated the law, as described above, with respect to their other non-exempt employees working at facilities in California.

## CLASS ACTION ALLEGATIONS

25. This action is brought and may properly be maintained as a class action pursuant F.R.C.P. Rule 23.

26. Plaintiffs reserve the right to amend or modify the description of the class, as defined below, with greater specificity or further division into subclasses or limitation to certain issues.

27. Pursuant to F.R.C.P. Rule 23, this action qualifies as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

28. For the purposes of this Complaint, "Class Period" means any time from four years prior to the filing of this Complaint until the date of class certification.

29. The putative class Plaintiffs will seek to certify are currently composed of and defined as follows:

All of Defendant ACES's non-exempt employees who were assigned to work at any facility inside California during the Class Period (the "Class").

30. **Numerosity**: Pursuant to F.R.C.P. Rule 23, the members of the Class are so numerous that their individual joinder is impracticable. The precise number of class members and their addresses will be known to Plaintiffs through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the internet, or published notice.

31. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and predominate over any questions that affect only individual members of those Class. The predominant common questions of law and fact include:

a. Whether Defendants failed and continue to fail to pay the promised regular rates of pay for all hours worked in violation of Labor Code §§ 200, 223, 226, 500, 1197 and 1198 and the Applicable Wage Orders;

b. Whether Defendant failed and continue to fail to pay lawful overtime rate for all overtime hours worked in violation of Labor Code §§ 510 and 1194 and the Applicable Wage Orders;

c. Whether Defendant failed and continue to fail to pay minimum wage for all hours worked in violation of Labor Code §§ 1194 & 1197 and the Applicable IWC Wage Orders;

d. Whether Defendant failed and continue to fail to authorize and/or permit lawful meal breaks in violation of Labor Code §§ 226.7 and 512 and the Applicable Wage Orders;

e. Whether Defendant failed and continue to fail to authorize and/or permit lawful rest breaks in violation of Labor Code §§ 226.7 and the Applicable Wage Orders;

f. Whether Defendant failed and continue to fail to timely furnish complete and accurate itemized wage statements in violation of Labor Code § 226 and the Applicable Wage Orders;

     g.    Whether Defendant willfully failed to pay, without abatement or reduction, all final wages owed in accordance with Labor Code §§ 201 or 202 and in violation of Labor Code § 203; and

     h.    Whether Defendant committed and continue to commit unfair business practices in violation of Business & Professions Code §17200, et seq.

32.    **Typicality**: Plaintiffs' claims are typical of the claims of the members of the Class they seek to represent because Plaintiffs, as employees of Defendants, were exposed and subjected to the same unlawful business practices as the other members of the Class. Thus, Plaintiffs and the members of the Class they seek to represent sustained the same types of damages and losses.

33.    **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' attorneys have experience in employment and class action matters and may adequately represent the class in this matter. Plaintiffs have no adverse interests to those in the Class.

34.    **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each of the Class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The relatively minor amount of individual damages in question coupled with the expenses and burdens of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

# FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

**(Plaintiffs and the Class Against Defendants)**

35. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

36. During the applicable recovery period, Defendants were required to compensate their hourly employees for all hours worked pursuant to the Applicable Wage Orders and Labor Code §§ 200, 223, 226, 500, 510, 1197 and 1198.

37. During the applicable recovery period, Defendants failed to compensate Plaintiffs and the Class for all hours worked by not compensating them for their work.

38. Under the Applicable Wage Orders, statutes, and regulations, Plaintiffs and the Class are entitled to recover compensation for all hours worked, but not paid, during the applicable recovery period, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code § 218.5, and penalties pursuant to Labor Code §§ 203 and 226.

39. In violation of California law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the Class for all wages earned and all hours worked. As a direct result, they have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such unpaid wages, incurred expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under California law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

40. Defendants' conduct described herein violates Labor Code §§ 200, 223, 226, 500, 1197 and 1198, and the Applicable Wage Orders. Therefore, pursuant to Labor Code §§ 203, 218.5, 226, 558, 1194 and 1194.2, Plaintiffs and the Class are entitled to recover damages for the nonpayment of wages of all hours worked in addition to penalties, reasonable attorneys' fees, expenses, and costs of suit.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE**

**(Plaintiffs and the Class Against Defendants)**

41. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

42. Pursuant to Labor Code §§ 1194, 1194.2, and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked as required by the Applicable Wage Orders.

43. Pursuant to the Applicable Wage Orders "hours worked" include "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

44. During the applicable recovery period, Plaintiffs and the Class suffered, were permitted, and required to perform work for which they received no pay. As a direct and proximate result of Defendants' failure to pay Plaintiffs and the Class, they have been damaged in the amount of the owed minimum wages.

45. Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiffs and the Class are entitled to recover the full amount of unpaid minimum wages, liquidated damages in an equal amount, interest, attorneys' fees, and incurred costs, all in a total amount subject to proof at time of trial.

46. The aforementioned acts by Defendants were undertaken with the intention of depriving Plaintiffs and the Class of their property and/or legal rights and causing injury to them.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME**

**(Plaintiffs and the Class Against Defendants)**

47. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

48. Pursuant to Labor Code §§ 200, 226, 500, 510 and 1198 and the Applicable Wage Orders During the applicable recovery period, Defendants were required to compensate Plaintiffs and the Class for all overtime hours worked, which is calculated at one and one-half times the

regular rate of pay for all hours worked in excess of 8 hours per day and/or 40 hours per week. Defendants were also required to compensate Plaintiffs and the Class for all hours worked in excess of 12 hours in any workday at double their regular rate of pay. Additionally, under California law, Defendants were required to include any payments for work in the regular rate of pay for overtime and double-time calculation purposes.

49. As fully alleged above, during the applicable recovery period, Defendants failed to include the value of the "travel stipends" including, but not limited to, lodging, meals and incidentals payments, whether paid in cash or in kind, in Plaintiffs' and the Class's regular rates of pay for purposes of calculating their overtime and double-time pay. Therefore, Plaintiffs and the Class were not fully paid for all the overtime and/or double-time payments legally owed to them.

50. As a direct result of aforementioned violations, Plaintiffs and the Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

51. Pursuant to Labor Code §§ 200, 203, 218.5, 226, 558, and 1194, Plaintiffs and the Class are entitled to recover owed overtime and double-time compensation from Defendants and civil penalties, plus interest penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND/OR PERMIT MEAL BREAKS

**(Plaintiffs and the Class Against Defendants)**

52. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

53. Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

54. Labor Code § 512(a) provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

55. During the applicable recovery period, Plaintiffs and the Class, from time to time, worked in excess of 5-hour work periods without being authorize and/or permitted to take a lawful first and/or second meal break, as required by Labor Code §§ 226.7, 512 and the Applicable Wage Orders.

56. During the applicable recovery period, Defendants failed to pay Plaintiffs and the Class premium wages mandated by Labor Code § 226.7(b) for these unlawful meal breaks. As a result of violations of Labor Code §§ 226.7 and 512 and the Applicable Wage Orders, Defendants are liable for civil penalties pursuant to Labor Code §§ 558 and 2698 et seq.

57. Plaintiffs and the Class are entitled to recover one additional hour of pay at their regular rate of compensation with Defendants for each work day that a meal break was not authorized and/or permitted. Plaintiffs and the Class are also entitled to their costs and reasonable attorneys' fees, according to proof and to interest on all due and unpaid wages at the legal rate of interest.

## FIFTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND/OR PERMIT REST BREAKS

**(Plaintiffs and the Class Against Defendants)**

58. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein

59. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

60. The Applicable Wage Orders require that employers authorize or permit nonexempt employees to take a rest break that must, insofar as practicable, be taken in the middle of each work period. The rest break is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof.

61. Pursuant to Labor Code § 226.7, if an employer fails to authorize or permit an employee a rest break in accordance with an applicable Wage Orders, the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the rest break is not provided. The provisions of the Applicable Wage Orders state that the rest break is defined as a "net" ten minutes, which means that the rest break begins when the employee reaches an area away from the work area that is appropriate for rest.

62. During the applicable recovery period, Plaintiffs and the Class, from time to time, worked in excess of 4-hour work periods, or a major fraction thereof, without being authorized and/or permitted to take rest breaks, as required by Labor Code § 226.7 and the Applicable Wage Orders.

63. During the applicable recovery period, Defendants failed to pay Plaintiffs and the Class premium wages mandated by Labor Code § 226.7(b) for these unlawful rest breaks. As a result of violations of Labor Code § 226.7 and the Applicable Wage Orders, Defendants are liable for civil penalties pursuant to Labor Code §§ 558 and 2698 et seq.

64. Plaintiffs and the Class are entitled to recover one additional hour of pay at their regular rate of compensation with Defendants for each work day that a rest break was not authorized and/or permitted. Plaintiffs and the Class are also entitled to their costs and reasonable attorneys' fees, according to proof and to interest on all due and unpaid wages at the legal rate of interest.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS RELATED EXPENSES

**(Plaintiffs and the Class against Defendants)**

65. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

66. Pursuant to California Labor Code §§ 2800 and 2802, employers must reimburse their employees for all necessary expenditures incurred by employees in direct consequence of the discharge of their job duties or in direct consequence of their job duties or in direct consequence of their obedience to the directions of the employers.

67. Plaintiffs and the Class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants. Defendants' failure to reimburse for all necessary business-related expenses and costs included their failure to reimburse Plaintiffs and the Class for costs incurred as a result of, including but not limited to, simple negligence.

68. Defendants have intentionally and willfully failed to reimburse Plaintiffs and the Class for all necessary business-related expenses and costs. Plaintiffs and the Class are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## SEVENTH CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

**(Plaintiffs and the Class Against Defendants)**

69. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

70. This claim is brought under Labor Code § 226(a), which sets forth reporting requirements for employers when paying wages, including that every employer shall furnish each of his or her employees an itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) net wages earned, (4) all applicable

hourly rates in effect during the pay period, (5) the corresponding number of hours worked at each hourly rate, and (6) the name and address of the legal entity that is the employer.

71.  Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

72.  Defendants knowingly and intentionally failed to provide Plaintiffs and the Class with paycheck deduction statements accurately displaying the information required by Labor Code § 226(a).

73.  As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs and the Class are each entitled to a civil penalty of $50 for the initial pay period and $100 for each subsequent pay period in which Defendants violated the reporting requirements of Labor Code § 226, up to a maximum of $4,000. Additionally, under Labor Code § 226.3, Defendants are subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required under Labor Code § 226(a).

**EIGHTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(Plaintiffs and the Class Against Defendants)**

74.  Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

75.  Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after said employee is discharged or quits.

76.  Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. This penalty consists of an amount equal to the sum

of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

77. During all relevant times hereto, Plaintiffs and other members in the Class have separated from Defendants as a result of being discharged or having voluntarily resigned their employment.

78. While employed by Defendants, these employees were entitled to compensation for the violations set forth in this Complaint. Defendants failed to pay all wages due to the Plaintiffs and the members of the Class who separated from Defendants, by failing to pay for, among other things, all hours worked, overtime and double-time, and premium wages for unlawful meal breaks. Defendants are required to compensate these employees for all their unpaid wages earned and an additional penalty equal to the daily earnings of such employees up to an amount equal to those owed for 30 days of work.

## NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

**(By Plaintiffs and the Class Against Defendants)**

79. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

80. Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in this Complaint by requiring their non-exempt employees to perform the labor complained of herein without proper compensation. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over their competitors.

81. Plaintiffs and the Class seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

82. Plaintiffs and the Class seek, on their own behalf and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at

least in part, within the last four (4) years preceding the filing of the original complaint in this action.

83. Upon information and belief, Plaintiffs allege that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by Business and Professions Code § 17200 et seq., including those set forth in the Complaint herein, thereby depriving Plaintiffs and the Class, and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the applicable Wage Orders as specifically described herein.

84. Plaintiffs and the Class are further entitled to and do seek both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants from engaging in any of such business practices in the future. Such misconduct unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury in that Defendants will continue to violate these California laws, represented by labor statutes and the wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs and the Class have no other adequate remedy at law to ensure future compliance with the California labor laws and the Applicable Wage Orders alleged to have been violated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

1. Certification of this action as a class action on behalf of the Class alleged in this Complaint;

2. For general damages, according to proof, on each cause of action for which such damages are available;

3. For compensatory damages, according to proof, on each cause of action for which such damages are available;

4. For restoration and restitution of lost wages, statutory penalties, and all other remedies afforded under the Labor Code on all causes of action for violation of the Labor Code;

5. For declaratory and injunctive relief as requested herein;

6. For prejudgment and post-judgment interest according to law;

7. For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

8. For costs of suit incurred in this action;

9. Disgorgement of all gains unjustly gained by Defendants; and

10. Any other remedies, whether in law or equity, that the Court deems properly.

Dated: August 18, 2022                  Respectfully submitted,

SHAKOURI LAW FIRM

By: *Ashkan Shakouri*
Ashkan Shakouri
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on issues triable to a jury.

Dated: August 18, 2022                  Respectfully submitted,

SHAKOURI LAW FIRM

By: *Ashkan Shakouri*
Ashkan Shakouri
Attorneys for Plaintiffs